Douglas v Mister Sports (2018 NY Slip Op 00330)





Douglas v Mister Sports


2018 NY Slip Op 00330


Decided on January 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2018

Acosta, P.J., Sweeny, Gische, Andrias, Gesmer, JJ.


5472

[*1]Bernadette Douglas, Plaintiff,
v Mister Sports, et al., Defendants.
 125 Fordham LLC, Third-Party Plaintiff-Appellant,
v Jay J. Kim doing business as International Pursuit of New York, Inc., Third-Party Defendant, LIG Insurance, Third-Party Defendant-Respondent.


Babchik & Young, LLP, White Plains (Thomas G. Connolly of counsel), for appellant.
The Chartwell Law Offices, LLP, New York (Christopher Wolseger of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered November 2, 2016, which, upon renewal and reargument, granted third-party defendant LIG Insurance's motion for summary judgment declaring that it is not obligated to defend or indemnify third-party plaintiff (Fordham) in the underlying personal injury action, and so declared, and denied Fordham's motion for summary judgment declaring in its favor, unanimously affirmed, with costs.
Fordham is not entitled to coverage in the underlying action under the insurance policy LIG issued to defendant International Pursuit of New York, Inc., because the conditions for coverage under the supplementary payments provision of the policy have not been satisfied (see Rojas v New York El. & Elec. Corp., 118 AD3d 642 [1st Dept 2014]). The provision states that if LIG defends an insured (International) in a suit, it will also defend an indemnitee of the insured who is named in the suit (Fordham), if, inter alia, "[t]he obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same insured contract' [lease agreement]." The lease agreement between Fordham as landlord and International as tenant requires International to indemnify Fordham for all liabilities "for which [Fordham] shall not be reimbursed by insurance." Thus, so long as Fordham has not exhausted its own insurance, International has no obligation under the lease to provide insurance coverage for it, and, accordingly, LIG has no obligation to provide coverage for Fordham under the terms of the supplementary payments provision of the insurance policy.
Another condition for coverage under the supplementary payments provision is that there [*2]be no conflict between the insured's interests and the indemnitee's interests. Given the allegation in the underlying action that the plaintiff tripped and fell due to a defective sidewalk condition, the conflict of interests between International as tenant and Fordham as landlord is evident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 18, 2018
CLERK